# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RASSET LAHDIR,

    Petitioner,

                                      CASE NO. 2:20-CV-12296

v.                                 HONORABLE DENISE PAGE HOOD

JOHN CHRISTIANSEN,

    Respondent,

_____/

## OPINION AND ORDER DENYING THE REQUEST/MOTION FOR THE APPOINTMENT OF COUNSEL (ECF No. 14)
## AND
## MOOTING MOTION FOR AN EXTENSION OF TIME (ECF No. 13)

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is petitioner's motion for the appointment of counsel to respond to respondent's answer and a motion for an extension of time to file a reply brief. For the reasons stated below, the motion for appointment of counsel is **DENIED WITHOUT PREJUDICE.** Petitioner has since filed a reply to respondent's answer. Petitioner's Motion for Extension of Time is now **MOOT**.

The motion for the appointment of counsel is denied. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the

1

interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona,* 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.* Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Lemeshko*, 325 F. Supp. 2d at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

Petitioner filed a petition for writ of habeas corpus and a sixty-six page memorandum of law in support of the petition, which raises three claims for relief and cites to numerous federal and state cases. Petitioner has also attached over seventy pages of exhibits to his petition, including the appellate court brief

prepared by his appellate counsel in the Michigan Court of Appeals. Petitioner therefore has the means and ability to present his claims to the court. Furthermore, until this Court reviews the pleadings filed by petitioner and respondent and the Rule 5 materials, the Court is unable to determine whether an evidentiary hearing is necessary or required. The interests of justice at this point in time do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

Accordingly, the Court denies the motion for appointment of counsel without prejudice. The Court will reconsider petitioner's motion if, following review of the pleadings and Rule 5 materials, the Court determines that appointment of counsel is necessary.

**ORDER**

**IT IS HEREBY ORDERED** that the request/motion for appointment of counsel (**ECF No. 14**) is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the motion for enlargement of time (**ECF No. 13**) is **MOOT.** However, Petitioner may further supplement his reply brief, if he so chooses, by filing a supplemental reply brief within **thirty (30) days** from the date of this order.

**SO ORDERED.**

Dated: May 13, 2021

s/Denise Page Hood  
Chief Judge, United States District Court